•           •           • 
 • • •




OPINION

Nos. 04-08-00543-CR & 04-08-00544-CR

IN RE SEARCH WARRANT SEIZURE

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-W-0149 & 2008-W-0150
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
                        Catherine Stone, Justice
                        Sandee Bryan Marion, Justice

Delivered and Filed:   September 17, 2008

DISMISSED FOR LACK OF JURISDICTION
            The State filed a notice of appeal seeking to appeal the orders issued in the underlying causes
pursuant to article 18.12 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann.
art. 18.12. Article 44.01(a) does not authorize the State to appeal an order issued pursuant to article
18.12. Tex. Code Crim. Proc. Ann. art. 44.01(a); see also In re Cornyn, 27 S.W.3d 327, 335
(Tex. App.—Houston [1st Dist.] 2000, orig. proceeding). Instead, article 44.01 provides that the
State is entitled to appeal an order of a court in a criminal case if the order:
(1) dismisses an indictment, information, or complaint or any portion of an
indictment, information, or complaint;
 
(2) arrests or modifies a judgment;
 
(3) grants a new trial;
 
(4) sustains a claim of former jeopardy;
 
(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy
has not attached in the case and if the prosecuting attorney certifies to the trial court
that the appeal is not taken for the purpose of delay and that the evidence, confession,
or admission is of substantial importance in the case; or
 
(6) is issued under Chapter 64.

Tex. Code Crim. Proc. Ann. art. 44.01 (a) (Vernon Supp. 2008).
            On July 25, 2008, we ordered the State to show cause why these appeals should not be
dismissed for lack of jurisdiction. The State responded and cited two cases in support of its assertion
that article 44.01 was intended to extend to the State appellate powers akin to those that the United
States Congress extended to the federal government in a criminal case. See State v. Medrano, 67
S.W.3d 892 (Tex. Crim. App. 2002); State v. Moreno, 807 S.W.2d 327 (Tex. Crim. App. 1991). 
Both Moreno and Medrano were interpreting the extent of authority expressly granted the State
under article 44.01. See Medrano, 67 S.W.3d at 903 (holding State’s authority to appeal an order
granting a motion to suppress evidence extends to any pretrial motion to suppress evidence and is
not limited to rulings that suppress “illegally obtained” evidence); Moreno, 807 S.W.2d at 332
(holding State’s authority to appeal an order dismissing an indictment or information extends to any
order concerning an indictment or information that effectively terminates the prosecution in favor
of the defendant even if the order does not expressly recite that the cause is dismissed). Unlike
section 3731 of the United State Code, however, which expressly authorizes an appeal of a trial
court’s order “requiring the return of seized property in a criminal proceeding,” article 44.01 contains
no similar language. Compare 18 U.S.C. § 3731 with Tex. Code Crim. Proc. Ann. art. 44.01
(Vernon Supp. 2008). Suppression of evidence and return of property are not the same relief. State
v. Thirty Thousand Six Hundred Sixty Dollars and No/100, 136 S.W.3d 392, 404 (Tex.
App.—Corpus Christi 2004, pet. denied). While we agree that article 44.01 is to be liberally
construed, we disagree that such construction can add language to the statute that is non-existent. 
Because the State’s authority to appeal must be expressly authorized by statute, and article 44.01
does not authorize the State to appeal an order returning seized property, we do not have jurisdiction
to consider these appeals. Accordingly, the appeals and the State’s motions to stay and motion for
reconsideration are dismissed for lack of jurisdiction.



                                                                                    Alma L. López, Chief Justice
PUBLISH